UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DEBORAH LANE,

    Plaintiff,

        v.                        CAUSE NO. 2:19CV470-PPS/JPK

FIRST MERCHANTS BANK,
PRESIDENT TONY ALBREGHT, and
1ST VICE PRESIDENT BRENT TALCOTT,

    Defendants.

## OPINION AND ORDER

Deborah Lane, a resident of West Lafayette, Indiana, has filed this action against the First Merchants Bank and its president and 1st vice president. Lane acts on her own behalf, without the assistance of an attorney. Lane's allegations are difficult to summarize, but they involve the bank's consolidation of Lane's real estate loans and her subsequent economic misfortunes, which she believes are the result of unlawful actions by the defendants. Lane's complaint alleges that the court has jurisdiction over the matter because it involves federal questions, and lists a number of federal statutes she says are at issue in the case. Now before me is a motion to dismiss filed by the three defendants, to which Lane has filed no response.

Plaintiffs acting *pro se* like Lane are entitled to a generous construction of their pleadings in federal court. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (*pro se* complaints are construed liberally, and held to a less stringent standard than pleadings drafted by lawyers). This generosity cannot excuse a lack of subject matter jurisdiction, however, because my power to adjudicate the case depends on the existence of subject matter jurisdiction. *Downs v. IndyMac Mortg. Services, FSB*, 560 Fed.Appx. 589, 591 (7th

Cir. 2014). As the Court of Appeals puts it, "[s]ubject-matter jurisdiction is the first issue in any case." *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019). The bank defendants' motion to dismiss raises that issue.

Lane has filed her complaint using the court's form Complaint for a Civil Case. There does not appear to be diversity of citizenship among the parties, all of whom are Indiana-based. Instead, Lane has checked the box indicating that she asserts the existence of federal question jurisdiction to support proceeding in federal court. [DE 1 at 3.] More specifically, the form complaint asks Lane to list the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." [*Id*.] Lane has responded with this list: "Bank Secrecy Act (BSA); Fraud Statements 18 U.S.C. 1014; Corrupt Bank Officer 18 U.S.C. 215(a)(2), 201, 371, under 18 U.S.C. 471, 472, 500, 656, 657, 658, 664, 1001, 1005, 1007, 1010, 1014, 1028, 1028(a), 1032, 1030, 1341, 1342, 1344, 1349, 1517, 1519, 1956, 7206, 1957." [*Id*.] Title 18 of the United States Code, in which each of these statutes is found, governs Crimes and Criminal Procedure. The motion to dismiss argues that only one of the provisions cited by Lane – 18 U.S.C. §1030, also known as the Computer Fraud and Abuse Act (CFAA) – provides for a private cause of action that can be invoked by a private citizen in a civil lawsuit.

The remainder of Lane's claims are non-starters. As a general rule, "private parties may not pursue claims under federal criminal statutes." *Norman v. Campbell*, 87 Fed.Appx. 582, 584 (7th Cir. 2003), citing *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 306 n.5 (1989). The bank defendants have

2

compiled a collection of cases finding that statutes in Lane's list do not provide a private cause of action. [DE 7 at 3.] Lane has not filed any opposition to the motion to dismiss, and has not attempted to demonstrate that there is any statutory basis for inferring that Congress intended to create a civil claim enforcing any of those criminal laws. Because Lane can claim no right to relief under all but one of these criminal statutes, those claims are frivolous and provide no basis for federal question jurisdiction.

By contrast, the CFAA expressly provides for a civil action in limited circumstances by "[a]ny person who suffers damage or loss by reason of a violation of this section." 18 U.S.C. §1030(g). The bank defendants' challenge to a claim under the CFAA is therefore not jurisdictional, but based on failure to state a claim. The CFAA addresses unauthorized access to certain protected and nonpublic computers. 18 U.S.C. §1030(a). Nothing in the allegations of Lane's complaint can reasonably be construed to charge conduct of that sort. More specific to the availability of a civil claim under §1030(g), the Act defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. §1030(e)(8). "Loss" is defined in terms of costs incurred or revenue lost as a result of the need to restore computer data, programs, systems or information. 18 U.S.C. §1030(e)(11). No such circumstances are implicated by Lane's allegations, which make no reference to interference with computers. Because the facts on which Lane bases her complaint do not plausibly suggest that Lane has any right to relief under the CFAA, I will dismiss any claim based on 18 U.S.C. §1030 for failure to state a claim.

For these reasons, I must dismiss Lane's case without prejudice for failure to state a claim under the CFAA, and otherwise for lack of subject matter jurisdiction, which means I have no power to resolve the remaining claims on the merits. *Downs*, 560 Fed.Appx. at 592.

ACCORDINGLY:

Defendants' motion to dismiss for failure to state a claim or for summary judgment [DE 6] is GRANTED.

The complaint is DISMISSED without prejudice. The Clerk shall enter judgment accordingly, and this matter is CLOSED.

SO ORDERED on February 24, 2020.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE